No. 6731.

JOSEPHINE FECEL, ADMINISTRATRIX, ETC., vs. JAS. P. GUINAULT.

In a suit to annul a sale, the vendor is a necessary party. In his absence the validity of the sale cannot be passed upon.

A mortgage made by a notoriously insane person, and who was at the time known by the mortgagee to be imbecile, or made by his attorney in fact, is null and void, although the mortgagor was not interdicted at the date of the mortgage.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor*, J.

*Belden & Duvigneaud* for plaintiff and appellee.
*W. E. Murphy* for defendant and appellant.

---

Belden & Duvigneaud, for plaintiff and appellee, contended :
That a person notoriously insane, whether interdicted or not, was incapable of forming a valid contract with one aware of the insanity. They cited in their support C. C. arts. 1780, 1782, 1783, 1788, and 402 ; also 5 M. 425 ; 10 M. 604 ; 4 L. 115 ; 12 A. 24; do. 624; do. 651; and 26 A. 463.

W. E. Murphy, for defendant and appellant, contended :
First—A judgment rendered annulling the sale from Pavageau to Rodi, without making Pavageau (the person most interested) a party to the suit, is a nullity.
Second—The judgment grants to plaintiff more than he asked for, inasmuch as the notes given for the sale referred to, and which had been sued for under the No. 8364, are not mentioned in the prayer of the petition.
Third—That the preponderance of the evidence is in favor of the sanity

of the plaintiff Rodi at the time of contracting the obligation. R.. C. C. art. 1788, Nos. 2, 3.

Fourth—That there is no proof that obligor was notoriously insane, or that defendant was aware of the fact. A party's insanity to annul a contract it must be shown that it could not possibly have been unknown to the other party. La. Bank vs. Dubreuil, 5, M. 425, which covers this case in all respects ; and when the contract is made before interdiction, not only general insanity, but the *notoriety* of that fact, must be shown. Kennedy vs. Dow, 10 M. 604 ; Lalorie vs. Lacoste, 4 L. 115. Good faith in a contract is always presumed; and the court will believe that the parties understood one another. Noe vs. Taylor, 13 L. 254 ; Rau vs. Katz, 26 A. 466.

Fifth—That a person subject to bodily disease which may eventually terminate in insanity or imbecility is no reason to conclude that he was incapable of contracting at the time the contract was made ; on the contrary, the presumption is always in favor of soundness of mind, unless resulting from the act itself. Francke vs. Francke, 29 A. 302.

Sixth—The testimony in this case shows beyond a doubt that Rodi was capable of consenting, and did consent, which was supplemented by the consent of his duly constituted agent, appointed to aid him in his business on account of physical inability to act.

Seventh—That even in case incapacity to consent was proved, the judgment is erroneous in annulling the sale without decreeing the return of the fruits and revenues which inured to the benefit of purchaser. Vanwick vs. Rist, 14 A. 56 ; Latham vs. Hickey, 21 A. 425.

Eighth—No suit for the interdiction of Rodi was brought until December, 1875, two years after the sale of Pavageau to Rodi, and fifteen months after the mortgage to Guinault, six months before his death, and was instituted only for the purposes of this suit. R. C. C., art. 1788, Nos. 4 and 5, art. 402.

---

The opinion of the court was delivered by

SPENCER, J. Plaintiff, as administratrix of her deceased husband, Ant. Rodi, and tutrix of his children, sues to annul,

First—An act of sale of certain real estate on Ursulines street, made by R. Pavageau to her said husband, on 12th August, 1873, and, second, an act of mortgage executed by her said husband, on 7th day of September, 1874, in favor of the defendant, Guinault, on certain real estate on Greatmen street.

Pavageau sold to Rodi the Ursulines-street property for $2600, of which price $2000 were represented by two notes of $1000 each. Gui-

Fecel, Administratrix, vs. Guinault.

nault, being the holder of a mortgage on this property, the two notes were transferred to him by Pavageau.

When the notes became due, Guinault demanded as a condition of extending payment, that a mortgage be given by Rodi, for one of the notes on his Greatmen-street property, in order the better to secure the debt. An act of mortgage was accordingly drawn and executed in favor of Guinault.

On expiration of the agreed delay, Guinault commenced executory proceedings for the sale of both properties. The present suit is an opposition to said sales, and also a demand to annul as stated. The ground of nullity urged is, that at the time of and long before the execution of said acts, said Rodi was notoriously insane, and to the knowledge of all the parties was in a state of hopeless imbecility. Rodi died in 1876, and had been previously interdicted, but was not interdicted at the time of the acts complained of.

We may as well eliminate here one branch of this case, to wit : that relative to the nullity of the sale from Pavageau to Rodi, of date August 12th, 1873. Pavageau, the vendor, has not been made a party to this suit, and we cannot, in his absence, pass upon its validity.

As to the mortgage granted in 1874, to Guinault, all necessary parties are before us, and we shall proceed to examine that branch of the case.

There is no dispute about the legal principles involved. If Rodi was at the time of granting this mortgage notoriously insane, and to the knowledge of Guinault in a state of imbecility, the act is null, although Rodi was not then under interdiction, he having been subsequently interdicted. We have, therefore, only a question of fact before us.

The evidence is voluminous, and embraces the testimony of two physicians who had treated Rodi for a series of years, as also that of many of his neighbors and friends.

It is overwhelming to the effect that at the time these acts were passed he was afflicted with a spinal affection and with softening of the brain ; that he was incapable of expressing himself, or of understanding what was said to him, having occasional paroxysms of violence. The evidence satisfies us that Guinault, who was a frequent visitor at his house, necessarily knew his condition. In fact, Guinault, in his negotiations about these mortgages, never attempted to treat with Rodi. He dealt entirely with Rodi's wife, who on account of her husband's condition, undertook to manage his affairs. But she had by law no such authority, if he was insane, admitting even that she held his power of attorney. If he could not act himself, he could not authorize her to act. The testimony relied upon by defendant is his own

and that of the two notaries who passed the acts. This evidence is not satisfactory, and is wholly insufficient to meet the mass of counter-proof produced by plaintiff. The judge below, who heard and saw the witnesses, was convinced of the notorious insanity and imbecility of Rodi, and so are we.

The act of mortgage granted by Rodi to Guinault, of date September 7th, 1874, is therefore invalid. The judgment appealed from in that regard should be affirmed; but in so far as relates to the sale from Pavageau to Rodi, of date 12th August, 1873, it must be reversed as in case of nonsuit.

It is therefore ordered, adjudged, and decreed that the judgment annulling the act of mortgage from Ant. Rodi to Jas. P. Guinault, passed before C. V. Foulon, notary, on September 7th, 1874, be and the same is hereby affirmed, and that in so far as said judgment annuls the act of sale from R. Pavageau to Ant. Rodi, passed before W. H. Seymour, on 12th August, 1873, the same is reversed and plaintiff's demand in that regard dismissed as of nonsuit.

It is further decreed that plaintiff pay costs of this appeal, and defendant those of the court below.