(51 South. 293.)

No. 17,678.

MORGAN v. O'BANNON & JULIEN et al.

(Jan. 3, 1910. Rehearing Denied Jan. 31, 1910.)

*(Syllabus by the Court.)*

1. WOODS AND FORESTS (§ 1*) — STANDING TIMBER—NATURE OF PROPERTY.

By legislative enactment trees partake of the nature of the land on which they stand, and retain their quality of immovability even after they are sold and until they are severed from the land. Smith v. Huie-Hodge Co., 123 La. 959, 49 South. 655; Shepherd v. Davis, 121 La. 1011, 46 South. 999.

[Ed. Note.—For other cases, see Woods and Forests, Cent. Dig. § 1; Dec. Dig. § 1.*]

2. VENDOR AND PURCHASER (§ 104*)—LESION BEYOND MOIETY—RIGHT OF THIRD PERSON.

The action of lesion beyond moiety does not extend to a third person purchasing from a vendee who obtained the land at an inadequate price when such third person is in good faith. Snoddy v. Brashear, 3 La. Ann. 569; Id., 13 La. Ann. 469. Neither does the action of lesion extend to him when he had knowledge of the inadequacy of the price in the first sale. when he himself has paid a fair and adequate price, for he cannot be dispossessed of his property on the ground that a prior owner chose to part with his property at an inadequate price.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 104.*]

3. VENDOR AND PURCHASER (§ 104*)—INADEQUACY OF PRICE TO ORIGINAL VENDOR — THIRD PERSON PURCHASING IN GOOD FAITH.

Whether or not the original vendee had knowledge of the inadequacy of the price at the time of the sale cannot affect a third person purchasing from the original vendee, when such third person purchased in good faith.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 104.*]

Appeal from Sixth Judicial District Court, Parish of Morehouse; J. P. Madison, Judge.

Action by John D. Morgan against O'Bannon & Julien and others. Judgment of dismissal, and plaintiff appeals. Affirmed.

David Todd, for appellant. H. Flodd Madison, for appellees.

On Exception of no Cause of Action.

BREAUX, C. J. This is an action to set aside a sale on the ground of lesion beyond moiety.

Defendants' exception of no cause of action was sustained, and plaintiff's petition dismissed.

The facts are that in the year 1905 plaintiff sold to a partnership, of which E. O'Bannon and Chas. J. Julien were the partners, the pine timber upon the land described in plaintiff's petition.

The price was $1 per thousand feet, log scale, for all the timber upon the land to be paid on delivery.

It is taken as true, for the purpose of deciding the suit, that the price stated was not one-half the value of the timber at the time of the sale in July, 1905.

Plaintiff's contention is that it was worth at least $3.50 per thousand feet at that time, and that he has been made to lose the difference between the value of the timber and the price mentioned.

Upon that basis, inadequacy of the price is $3,500.

Further, it is charged by plaintiff that O'Bannon and Julien followed the form of conveying the property in October, 1905, to the corporation known as the "O'Bannon-Julien Lumber Company," of which Chas. Julien was. the president and secretary—the timber they had purchased from plaintiff. Plaintiff charges that this corporation knew that O'Bannon & Julien had not title, and that they had purchased for an inadequate price. The personnel of the corporation makes this manifest, as these defendants were members of the corporation, as before mentioned.

Plaintiff further charges that the purchase was made by this last-named company in

bad faith in order to defraud him of his right.

The timber was sold by O'Bannon & Julien Lumber Company to the Gullez Bros. Lumber Company of Arkansas by act dated the 29th of December, 1906.

Plaintiff urges: That this company was carrying on business within a few miles of this timber, and that they well knew of the inadequacy of the price. That the documents of record and the facts and circumstances which will be proven on the trial will render their bad and complete knowledge evident. That he complained of the inadequacy of the price and of his loss if the sale in time became legal. That defendants bought other lands near the land here in controversy. That defendants' purpose was to buy all these lands at an inadequate price. They were away from the center of commerce and their owners were not aware of their full value. That after defendants had bought these lands, as before mentioned, they transferred them to the Gullez Bros. Lumber Company of Arkansas in order the better to be in a position to defend the illegal sale under which they hold.

Plaintiff alleged that he had tendered the price of $125, which O'Bannon & Julien refused to accept.

We find not the least difficulty in arriving at the conclusion that under the legislative act interpreted in several decisions, notably Smith v. Huie-Hodge Lumber Co., 123 La. 959, 49 South. 655; Shepherd v. Davis Bros., 121 La. 1011, 46 South. 999, the trees partake of the nature of the land on which they are standing and retain their immovability, even after they are sold, to the time that they are cut down. It is the same as in the case of the sale of land or any other immovable property.

It is important to determine whether or not the present owners are third persons. If they are third persons, the plaintiff cannot maintain his action.

We are of opinion that they are third persons. They had naught to do with the first title nor with the second. They do not appear in any capacity, in so far as the petition discloses, as parties to the deeds preceding their own.

These deeds were recorded in the proper office, and were notice of the sale of the property.

The contention is that the defendant—the last buyers, Gullez Bros. Lumber Company—knew that the property had been sold for an entirely inadequate price.

That may well be, and yet the defendants may hold legally under their deed.

The vendor knew when he sold the property, or should have known, that if he sold for an inadequate price, and, in the course of business, the property passed into the hands of third persons, the plea of lesion would not avail him.

It is for him to protect himself against such a sale.

This court, in a well-considered case, held that lesion does not extend to third persons buying in good faith from the vendee; Snoddy v. Brashear, 3 La. Ann. 569.

This decision was reaffirmed in 13 La. Ann. 469.

To maintain the defense in this case, we must go a step further and hold that, although the third vendee had thorough knowledge of the inadequacy of the price, he still can hold the property.

A vendee who has paid a fair and adequate price should not be dispossessed of his title on the ground that a vendor in a prior sale has chosen to part with his title for an insufficient price.

To conclude, a vendor may recover if the price is less than one-half. Whether he knew or did not know can be of no importance in deciding the question. Civ. Code, art. 1861. This refers to one vendor; the first, and not to successive vendors.

The question of inadequacy of price is

limited by judicial interpretation to the original vendee, and extends no further, and, it may now be added, whether he knew or did not know of the insufficient price.

Lastly, the bad faith charged by plaintiff against the present owners presents the important question for decision.

The want of good faith, as we interpret the petition, consisted in the fact that the owners at that time knew of the price and that it was inadequate.

That knowledge of itself is not sufficient to render an owner, who is an innocent third person, liable to an action of lesion in a purchase of property for value which his vendor bought for less than one-half of its value.

The only allegation which tends to sustain the averment of bad faith is knowledge of the third vendee.

That in our opinion is not good ground for holding that the third vendee is in bad faith.

The Code confines the possibility of recovering for lesion to the original vendee.

We do not think that we should extend the ground so as to embrace vendees although they may know that the price was insufficient.

For reasons stated, the judgment appealed from is affirmed.