ROGERS, J.
 

 The plaintiff, Emma Hall Prater, as the daughter and sole heir of Hardy Hall, deceased, sued to annul a certain notarial act, whereby Hardy Hall apparently transferred
 
 *327
 
 to Jane Hall and Willie Hall a tract of land containing 120 acres in the parish of Red River; an act of sale from Jane Hall and Willie Hall to A. T. B. "Porter conveying 80.18 acres of the aforesaid 120 acres; and a mortgage granted by Porter in favor of the Bank of Conshatta on the property acquired by him.
 

 The suit was instituted not only against Jane Hall and Willie Hall, the original transferees, but also against A. T. B. Porter, their transferee, and the latter’s mortgagee, the Bank of C-oushatta. In addition to demanding the annulment of the two sales and the conventional mortgage, plaintiff also sued for a moneyed judgment against the defendants Jane Hall, Willie Hall, and A. T. B. Porter.
 

 .Defendants Porter and the Bank of Coushatta filed jointly an exception of no cause of action, which was sustained; and the suit as to them was dismissed. From this judgment plaintiff appealed.
 

 , • Plaintiff’s demand is set out in an original petition :and in an amended and' supplemental petition.
 

 ■The'act of sale from Hardy Hall to Jane Hall and Willie Hall was executed on July 9, 1924. The act of sale from Jane Hall and Willie. Hall to A. T. B. Porter was executed on February 4, 1928; and the mortgage granted by Porter to the Bank of Coushatta was executed on February 29, 1928.
 

 The exception of no cause of action filed by Porter and the bank is based on the theory that. Porter was an innocent purchaser on the faith pf.the public records, and that, as the allege^ donation was on its face a sale, his .title, ,tq the property acquired by him is valid.
 

 Plaintiff, in her original petition, after charging Jane Hall and Willie Hall with conceiving the fraudulent design of inducing Hardy Hall to donate all his property to them, further charged that Jane Hall and Willie Hall fraudulently caused Hardy Hall to execute an act of sale, instead of an act of donation, conveying his property to them for the fraudulent consideration of $200 cash and the promise of the fraudulent vendees to take care, of and support the vendor so long as he should live and to give him a decent burial.
 

 .The first reference in the petition to the defendant Porter appears in article 18, wherein, after mentioning the sale from Jane Hall and Willie Hall to him, plaintiff alleges that Porter acquired no title to the property because his vendors Jane Hall and Willie Hall had acquired no title under the alleged fraudulent act of sale from Hardy Hall to them.
 

 Plaintiff, in article 19 of her petition, shows that from the death of Hardy Hall, which occurred on July 29, 1924, the day preceding the filing and recording of the act of sale in the conveyance records of the parish of Red River, Jane Hall and Willie Hall assumed and went into possession of the 120 acres of land conveyed to them by Hardy Hall, and remained in possession of the entire tract until the sale of 80.18 acres to the defendant A. T. B. Porter, nearly four years thereafter.
 

 Nowhere in plaintiff’s original petition is the good faith of the defendant Porter challenged. On the contrary, the petition expressly sets forth that Porter purchased from the owners of record who were in physical possession of the property which they sold as owners.
 

 
 *329
 
 Evidently realizing the weakness of allegations in her original petition as to the defendants Porter and the Bank of Coushatta, plaintiff filed an amended and supplemental petition, in which she charged Porter with knowledge of numerous things which she alleged should have placed him on his guard in his dealings with Jane Hall and Willie Hall.
 

 Plaintiff alleged that defendant Porter in negotiating with Jane Hall and Willie Hall availed himself of the services of Edward Lisso, one of the witnesses to the act of sale signed by Hardy Hall, who had full knowledge of the fraudulent character of the instrument. But plaintiff does not show in what manner Porter availed himself of Lisso’s services in the transaction; nor does she allege that Lisso communicated to Porter his knowledge that the act of sale was fraudulent, if in point of fact he possessed such knowledge.
 

 Plaintiff alleged that Porter knew, or should have known, that she claimed to be the owner of the property. She further alleged that Porter is charged with knowledge that the act of sale from Hardy Hall to Jane Hall and Willie Hall was purely gratuitous in character, because of: (1) the statement in the instrument that Jane Hall is the daughter-in-law and Willie Hall is the grandson of Hardy Hall; (2) the apparent intention of the person who prepared the notarial act to write in a consideration different from the $200 recited therein, as is evidenced by the words “whatever amount” written in and then stricken out of the space allotted for the statement of the consideration; (3) the vile price of the cash consideration set forth in the act of sale; (4) that Hardy Hall was dead at the date of Porter’s purchase of property from Jane Hall and Willie Hall; (5) that the sueces-. sion of Hardy Hall had never been opened; (6) that by virtue of the alleged conveyance to Jane Hall and Willie Hall, Hardy Hall divested himself of all his property; (7) that the alleged act of sale was not recorded until the day after the death of Hardy Hall occurred, which was twenty days after the instrument was executed; and (8) that plaintiff joined Hardy Hall in a donation of a portion of his property to the African Methodist Church on October 8, 1923.
 

 Plaintiff also alleged that the Bank of Coushatta was not an innocent mortgagee, because it was possessed of full knowledge of' the fraudulent character of Porter’s title, for the reason that the sale from Hardy Hall to Jane Hall and Willie Hall was not recorded until the day following the death of Hardy Hall, and for the further reason that the instrument was gratuitous in character as set forth in the allegations charging its codefendant Porter with knowledge and had faith.
 

 There can be no question that Porter a<?-quired 80.18 acres out of the 120 acres sold by Hardy Hall to Jane Hall and Willie Hall for a sound price. The transaction took place nearly four years after the death of Hardy Hall, and the consideration for the sale was $1,300 paid in cash. On February 29, 1928, Porter mortgaged the property acquired by' him to the Bank of Coushatta for $500.
 

 Plaintiff, in support of her demand, cites article 1497 of the Civil Code and a number of cases interpreting the article, to the effect that where a donor divests himself of all his property the donation is null, and it is not saved by the obligation on the part of the donee to support the donor.
 

 
 *331
 
 We think, however, that the codal article and the decisions based thereon have no application to this case. The litigants in the cited cases were original parties to the contracts attacked. The rights.of third persons were not involved. In this case, the original contract attacked purports on its face to be a sale and not a donation, and so far as the defendants A. T. B. Porter and the Bank of Ooushatta are concerned they occupy the position of innocent third persons purchasing from the purported vendees in possession, relying on the public records.
 

 Plaintiff’s allegations that the defendant Porter knew or must have known that she claimed the property and that Hardy Hall by the conveyance to Jane Hall and Willie Hall divested himself of all his property are insufficient to charge Porter with bad faith, because the conveyance records are the only things to which one dealing with real estate or real rights needs to look. Notice or knowledge dehors the public records on the part of a third person is not equivalent to registry. Dalbey v. Continental Supply Co., 165 La. 636, 115 So. 807; Howard v. Coyle, 163 La. 257, 111 So. 697; Waller v. Colvin, 151 La. 765, 92 So. 328.
 

 Nor was it a matter of importance that Porter knew or should have known that Hardy Hall was dead and that his succession had not been opened, since Hardy Hall, the record owner, had sold the property prior to his death.
 

 Plaintiff’s allegations that the statement in the act of sale that Jane Hall was the daughter-in-law and that Willie Hall was the grandson of Hardy Hall, that the consideration as finally expressed was not the consideration originally intended, and that the consideration as recited represented a vile price, are not sufficient to take the defendant Porter out of the category of a purchaser in good faith.
 

 There is no law prohibiting the owner of real property from selling the property to his daughter-in-law and grandson. The price as finally expressed in an act of sale represents the stated consideration for the sale. And a vendee who has paid an adequate price cannot be dispossessed of his property because a prior vendor has chosen to part with his title for an inadequate consideration. Morgan v. O’Bannon & Julien, 125 La. 367, 51 So. 293.
 

 The fact that the act of sale from Hardy Hall to Jane Hall and Willie Hall was not promptly recorded does not affect their title. It frequently happens in the country parishes that contracts affecting real property and real rights are not recorded until some time after they are executed. This case is wholly different from the case of Sanders v. Mitchell, 153 La. 1087, 97 So. 200, where the transaction attacked was reeking with fraud. There defendant placed both his deed and his vendor’s deed of record at the same time; and he was as guilty of perpetrating the fraud complained of as was his vendor. Here plaintiff shows, in her original petition, that Jane Hall and Willie Hall remained in physical possession of the property acquired by them from July, 1924, to February, 1928, no one apparently questioning their right of possession, nor the'validity of the deed under which they held such possession.
 

 It is a matter of no interest to defendant Porter that plaintiff joined Hardy Hall in donating certain property to the African
 
 *333
 
 Methodist Church. The property so donated forms no part of the property acquired by Porter. Plaintiff was not the record owner of that property, and Hardy Hall was. It was not necessary for plaintiff to sign the deed conveying Hardy I-Iall’s property to Jane Hall and Willie Hall.
 

 Whatever may be plaintiff’s rights as against Jane Hall and Willie Hall, the immediate vendees, she cannot be permitted to annul the conveyance to them as against the defendants A. T. B. Porter and the Bank of Coushatta, Porter’s mortgagee, Porter having Bought from Jane Hall and Willie Hall in good faith, relying upon the public records and in ignorance of the fact that the trajisaction might have been a disguised donation comprehending all the donor’s property.
 

 For the reasons assigned, the judgment appealed from is affirmed, at the appellant’s cost.