BRUNOT, Justice.
 

 The plaintiff filed suit against his wife, Mrs. Edna Engler Harvey, for a separation a mensa et thoro. Pending the separation suit, the husband and wife entered into an agreement for a mutual separation of the community of acquets and gains existing between them. The community consisted of a piece of improved real estate, their domicile, and certain personal property. The real estate was encumbered by a mortgage and vendor’s lien amounting to $805.39, and the plaintiff had used $1,500 of his wife’s paraphernal funds in acquiring title to said property. The agreement between the spouses was made in notarial form, and it provided that the property should be sold by them for $2,500 cash and the assumption of the mortgage indebtedness, taxes, and paving liens affecting it. It was further stipulated, in the agreement, that out of the cash portion of the purchase price of the property, the wife was to receive $1,500, as restitution of her paraphernal funds, and the remaining $1,000 was to be divided equally between them. There were three additional stipulations in the agreement, viz.: That the wife should be the sole owner of all personal property belonging
 
 *861
 
 to the community of acquets and gains; that she would not contest her husband’s suit against her for a separation from bed and board; and that the said act of settlement would not be made a matter of record.
 

 Under this agreement the plaintiff and his wife, by notarial act, conveyed the real property belonging to the community to Mrs. Lillie Engler, widow of Jacob Engler. The recitals of this deed are in strict accordance with the terms fixed, and the conditions imposed for the settlement of the community, in the agreement therefor, described supra.
 

 The act of sale to Mrs. Lillie Engler was properly recorded, and plaintiff was paid the sum of $500, the full amount due him, in final settlement of the community existing between him and his wife. Thereafter, Mrs. Lillie Engler sold the same property to Mrs. Geneva Engler, widow of Hugh Billingsley. Following the recordation of this act of sale, Mrs. Edna Engler successfully contested the suit of the plaintiff against her for a separation from bed and board. Thereupon the plaintiff filed this suit.
 

 The foregoing' is a brief summary of the facts alleged in the petition in this case, which concludes with the following prayer:
 

 ■“Wherefore, petitioner prays that Mrs.
 
 Geneva Engler,
 
 widow of Wiley Hugh Billingsley, and Mrs.
 
 Edna Engler,
 
 wife of Charles E. Harvey, be cited to appear and answer this petition; and that after due proceedings and legal delays that there be judgment herein in favor of your petitioner and against the said defendants, declaring and decreeing the notarial act of community settlement entered into between Charles E. Harvey and Mrs. Edna Engler, wife of Charles E. Harvey, on the 13th day of October, 1932, before Warren V. Miller, Notary Public, null and void and of no legal effect, and that petitioner be declared head and master of the community existing between he and Mrs. Edna Engler, his wife; and as such the owner and master of the real estate set out herein and all other property sought to be conveyed by said illegal act of community settlement before Warren V. Miller, Notary Public, on - October 13th, 1932; and that the said defendant be ordered to deliver unto petitioner full and complete possession of all of said property, including real estate and movable property as described in the act of community settlement heretofore set out.
 

 “And now in the alternative, and in the event this court should hold that the contract of sale as alleged in paragraph four was a legal sale, and in that event only, and not otherwise, then your petitioner prays that the said sale be set aside on the ground of lesion beyond moiety as having been made for a price and sum less than one half of the value of said property.
 

 “And for all costs, and for all general and equitable relief.” (Italics by the court.)
 

 The defendants filed exceptions of misjoinder, nonjoinder, no right or cause of action, and a plea of estoppel. The exceptions and plea of estoppel were heard
 
 *863
 
 and overruled and a judgment by default was rendered, in favor of the plaintiff and against the defendants, annulling the act of community settlement between the plaintiff and his wife; annulling, and ordering canceled from the public records, the sale from the plaintiff and his wife to Mrs. Lillie Engler, widow of Jacob Engler, the sale from Mrs. Lillie Engler to Mrs. Geneva Engler, widow of Hugh Billingsley; recognizing the plaintiff as owner of all of the property involved in the suit, movable and immovable; ordering that possession thereof be delivered to plaintiff; and taxing the defendants with the costs of the suit.
 

 Mrs. Geneva Engler, widow of Hugh Billingsley, appealed from the judgment.
 

 The defendants’ exception of misjoinder is not stressed by exceptors, but we cannot ignore the fact that, during the existence of the marital status, the husband cannot sue his wife except for causes authorized by law; and the plaintiff does not allege a legal cause of action against her. The defendants’ exception of nonjoinder is based upon the fact that plaintiff is suing to annul three separate sales of certain real property and he has not cited nor made one of the vendors thereof a party defendant, viz., Mrs. Lillie Engler, widow of Jacob Engler. It is the settled jurisprudence of this state that in a suit to annul a scries of sales all vendors and vendees who are parties to each sale are necessary parties to the suit. Hyde v. Craddick, 10 Rob. 387; Lee v. Taylor, 21 La.Ann. 514; Fecel v. Guinault, 32 La.Ann. 91; Black v. Bordelon, 38 La.Ann. 696; Vandine v. Eherman & Lecanu, 26 La.Ann. 388; Heirs of Burney v. Ludeling, 41 La.Ann. 627, 6 So. 248; Willis v. Wasey, 42 La.Ann. 876, 8 So. 591, 879; S. Blum & Co. v. Wyly, 111 La. 1092, 36 So. 202; Rudolf v. Costa, 119 La. 781, 44 So. 477; St. John Lumber Co. v. Federal Nat. Bank, 143 La. 693, 79 So. 223; Civ.Code, arts. 1877, 1878.
 

 In suits such as this one, the court may, ex proprio motu, take cognizance of the plaintiff’s failure to join a necessary party. Willis v. Wasey, 42 La.Ann. 876, 8 So. 591, 879.
 

 If there were secret equities between the husband and wife, or between the spouses and their vendee, such equities, in the absence of allegation and proof of fraud, error, or duress, do not affect the title of a third possessor who acquired the property on the faith of the public record. Civ.Code, art. 2236 is as follows:
 

 “The authentic act is full proof of the agreement contained in it, against the contracting parties and their heirs or assigns, unless it be declared and proved a forgery.”
 

 There is neither allegation nor proof in the record that the appellant, Mrs. Geneva Engler, widow of Hugh Billingsley, was not an innocent purchaser of the property, and for a valuable consideration. Being a purchaser in good faith, and for a valuable consideration, plaintiff’s alternative plea of lesion beyond moiety cannot be invoked against her. Prater v. Porter, 176 La. 324, 145 So. 675; Mor
 
 *865
 
 gan v. O’Bannon & Julien, 125 La. 367, 51 So. 293.
 

 We concur in and quote with approval the concluding paragraph of appellant’s brief:
 

 “On summation, we submit that Mrs. Lillie Engler, appellant’s vendor was a necessary party to the suit to annul the act of sale to which she was a party; that appellee having elicited no answers to interrogatories on facts and articles and having set up no counter letter, should have been estopped from varying the terms of an authentic act to which he was a party; that furthermore, the appellee, having placed on the public records a title valid on its face, should not have been allowed to annul the sale to appellant, a third person, in the absence of allegations and proof to the effect that she was not a purchaser in good faith and for a valuable consideration; that finally appellee’s plea of lesion should be given no consideration inasmuch as such plea is unavailing against a third party who has paid an adequate price for the property.”
 

 • While we think that all of the exceptions and the plea of estoppel filed by defendants have merit, Mrs. Geneva Engler, widow of Hugh Billingsley, alone appealed from the judgment.
 

 For.the reasons assigned, it is adjudged and decreed that the judgment appealed from be and it is annulled and reversed in so far as it affects the right, title, and ownership of the appellant to the real estate and improvements thereon, involved in this suit.
 

 It is further decreed that Mrs. Geneva Engler, widow of Hugh Billingsley, is the true and lawful owner of said property and is the owner thereof under a valid title and for adequate consideration.
 

 The costs of this suit taxable against appellant in the lower court and the costs of this appeal to be paid by appellee.
 

 O’NIELL, C. J., absent.