HARDY, Judge.
This is an action of rescission instituted by plaintiff, the former wife of defendant, praying for the annulment of a voluntary partition of community assets with respect to the title to real property remaining in defendant, for a proportionate share in the proceeds of property sold, subsequent to the partition, and for an accounting. Defendant interposed an exception of improper cumulation of actions which was maintained by the district judge and plaintiff was ordered to elect, said order being entered under date of January 6, 1958. By motion filed September 24, 1958 defendant prayed for the issuance of a rule ordering plaintiff to show cause why her suit should not be dismissed for failure to elect in compliance with the order of the court. After hearing on said rule, the court being of the opinion that plaintiff had failed to obey its order within a reasonable period of time, there was judgment dismissing plaintiff’s suit and ordering cancellation of the notice of lis pendens filed in the Mortgage Records of East Carroll Parish. From this judgment plaintiff has perfected a devolutive appeal.
It is obvious from the record and briefs of counsel that defendant’s original motion of improper cumulation of actions was predicated upon the provisions of Code of Practice, Article 152, which authorize a defendant to refuse to plead to the merits of the case in which causes of action “contrary to and exclusive of each other” have been cumulated in the same demand, and, in the event an exception to this effect be sustained, requiring plaintiff to amend his petition to such extent as to preserve only one cause of action, under penalty of dismissal.
The issue here presented requires us to determine whether the action of the district court in maintaining defendant’s plea of improper cumulation of actions was justified and should be sustained.
Reference to plaintiff’s petition discloses factual allegations which, if established, would support her plea ordering a rescission of the partition of community property, entered into by the parties subsequent to their separation and divorce, on the ground of lesion. Additionally, not in the alternative, plaintiff prayed (a) for recovery from defendant of the proceeds received by him as the result of his disposition of properties to third persons; (b) other specific relief, including an accounting, all consonant with plaintiff’s action to rescind the partition of community property.
*848 Our examination of plaintiff’s petition fails to disclose any improper cumulation of actions which would fall within the specific provisions or the intent and purpose of Code of Practice, Article 152.
Pertinent articles of our Civil Code, LSA, specifically provide for the rescission of acts of partition on the ground of lesion to the extent of more than one-fourth part of the true value of the property (Articles 1398 and 1861).
Predicating her demands upon the above codal provisions plaintiff has alleged lesion and prayed for rescission of the partition by reason thereof.
It is true that plaintiff has coupled with her principal demand for rescission an action for the value of properties sold by defendant, and for a necessary accounting in connection therewith. We think this demand is eminently appropriate under our jurisprudence which restricts the action for rescission to the original vendee, forbidding the action against his purchasers; Morgan v. O’Bannon & Julien, 125 La. 367, 51 So. 293 (citing Snoddy v. Brashear, 3 La.Ann. 569); Wilkins v. Nelson et al., 155 La. 807, 99 So. 607. It must be noted that although the opinion in Snoddy v. Brashear, supra, denies the action against a good faith purchaser, it specifically stated that the original vendee remained personally liable:
“We will merely say for the present that we adhere to the opinion that the action of lesion does not extend to third persons purchasing in good faith from the vendee; and that Bra-shear must be held personally responsible, if there was lesion, * *
In Haddad v. Haddad, 120 La. 218, 45 So. 109, the Supreme Court recognized the right of a former wife to maintain an action to annul an extra-judicial partition of community property on the ground of lesion, but declared the burden of proof to rest upon plaintiff.
Although this appeal was actually taken from the judgment dismissing plaintiff’s suit for failure to comply with the order to elect within a reasonable time, this question is subordinate to the controlling issue as to the existence of error, vel non, in maintaining defendant’s exception.
For the reasons assigned the judgment appealed from is annulled and set aside and there is now judgment rejecting defendant’s exception of improper cumulation of actions.
It Is Further Ordered that this case be and it is hereby remanded to the Honorable the Sixth Judicial District Court in and for the Parish of East Carroll, State of Louisiana, for further proceedings consistent with this opinion and in accordance with law. Costs of this appeal are taxed against defendant-appellee and the assessment of all other costs shall await final judgment herein.