ELLIS, Judge.
On October 22, 1965, plaintiff sold the timber on his property in Livingston Parish to defendant for the sum of $12,800.00. On January 8, 1966, defendant transferred the timber to American Box Company for the sum of $30,000.00. This suit was filed against defendant for the recision of the sale, but when the transfer to American was alleged by plaintiff, the prayer as to the original defendant was amended to ask for a money judgment in the sum of $21,-700.00, being the difference between the consideration of $12,800.00 originally paid and the alleged value of the timber, $34,-500.00. The recision of the sale was also asked as against American, but they were dismissed from the case on motion for summary judgment, and that question is not before this Court.
Defendant filed an exception of no cause of action to the original and supplemental petitions, basing it on the proposition that where property sold for a lesion-ary consideration is transferred to a third person, that the plea of lesion is no longer available to the vendor. The exception *428 was maintained by the District Court and plaintiff’s suit was dismissed. This appeal followed.
The sole point presented by this appeal is: does the vendor in a sale made for a lesionary consideration have a cause of action against the purchaser who has transferred the property to a third person. The applicable provisions of the Civil Code are Articles 1860 through 1862 inclusive, which define the substantive right, and Articles 2589 et seq., which set forth the mutual rights and obligations of the parties. These articles define lesion as the injury suffered by one who does not receive a full equivalent for what he gives in a commutative contract, but further provide that a person entering into such a contract will not be relieved of the consequences of his voluntary acts, except that in sales of immovable property he may be relieved if the price given is less than one half of the value of the thing sold.
Article 2589 states that the vendor in such a sale has a right to demand the recision thereof. Articles 2591 and 2592 give the purchaser the right either to restore the thing and take back the money which he paid, or make up the just price and keep the thing.
The vendor does not have the right to demand of the purchaser who is still in possession of the immovable the just price. He can only demand the recision of the sale, which can be avoided by the purchaser at his own option by making up the just price. It would therefore appear that plaintiff in this case is attempting to force the purchaser, who has sold the property, to do something which he would have no right to demand of him if he had not sold the property.
The French authorities regard the action against the purchaser as a mixed action, personal in the sense that it demands the nullification of the obligation arising from the sale, and real in the sense that it demands the recision of the sale. None of the French authorities which have been reviewed by the Court consider the action to be other than a recisory action. They do not consider the possibility of a personal action for the return of the price. However, the French authorities permit the action for recision to extend to a third party purchaser, which is not permitted by Louisiana law. Pothier on Sales, Nos. 332 and 334, Ed. of Bugnet, Paris, 1847, v. 3, p. 139; Troplong, Explanation of the Civil Law of Sale, Brussels, 1841, Nos. 801, 802; Domat, Civil Law in Its Natural Order, Ed. of Remey, Paris, 1835, Sec. 3, v. 1, p. 163; Sec. 9, v. 1, p. 180; Codex, Book IV, Title 44, Law 8, Ed. of Tissot, Metz, 1807; Baudry-Lacantinerie and Saignat, Theoretical and Practical Treatise on the Civil Law, 3rd ed., Paris, 1908, v. 19, p. 723, Sec. III; Planiol, Civil Law Treatise, v. 1, No. 284, v. 2, Nos. 1076(2) et seq., Nos. 1586 et seq.
Plaintiffs herein rely on Snoddy v. Brashear, 3 La.Ann. 569 (1848), and Snoddy v. Brashear, 13 La.Ann. 469 (1858). In that case, a purchaser for a lesionary consideration who had transferred the property purchased to his wife, who was separate in property from him, was compelled to make up the just price, although the sale to his wife was maintained.
We are also cited to the later case of Morgan v. O’Bannon and Julien, 125 La. 367, 51 So. 293 (1910). In that case, the Court used the following language:
“The vendor knew when he sold the property, or should have known, that if he sold for an inadequate price, and, in the course of business, the property passed into the hands of third persons, the plea of lesion would not avail him.
“It is for him to protect himself against such a sale.”
We are of the opinion that the position taken by the Court in Snoddy v. Brashear, supra, is entirely unsupported by authority, and that taken by the Supreme Court in Morgan v. O’Bannon and Julien, supra, is *429 in line not only with the codal provisions in our State, but with the French authorities as well, and that the view expressed in the Morgan case is the better view. The entire purpose of the action for recision because of lesion beyond moiety is to return the parties to the position they occupied before the transaction took place. Since this State does not grant the vendor in such a sale the right of recision as against third party purchasers, once the sale to the third party has taken place, it is no longer possible to return the parties to this case to their original status. We are aware of the case of Beatty v. Vining, 126 So.2d 846 (La.App. 2 Cir.1961), and 147 So.2d 37 (La.App. 2 Cir.1962). This case deals with a partition rather than a sale. However, to whatever extent that case conflicts with this decision, we must respectfully disagree.
For the above and foregoing reasons, we are of the opinion that the judgment appealed from is correct, and it is affirmed, at plaintiff’s cost.
Affirmed.