291 So.2d 414 (1974)
EVERGREEN PLANTATION, INC. and Winterquarters Hunting and Fishing Club, Plaintiffs-Appellants,
v.
Simon ZUNAMON, Defendant-Appellee.
No. 12191.
Court of Appeal of Louisiana, Second Circuit.
January 8, 1974.
Rehearing Denied February 12, 1974.
*415 Hebert & Moss by Donn Moss, Baton Rouge, for plaintiffs-appellants.
Sevier, Yerger & Sevier by Henry C. Sevier, Jr., Tallulah, and Chaffe, McCall, Phillips, Toler & Sarpy by Leon Sarpy, New Orleans, for defendant-appellee.
Before AYRES, HALL and WILLIAMS, JJ.
WILLIAMS, Judge.
On June 7, 1966 Evergreen Plantation, Inc. and Winterquarters Hunting & Fishing Club instituted this action of revindication against defendant, Simon Zunamon, to annul a timber sale on the ground of lesion beyond moiety. Plaintiffs allege they executed a timber cutting contract in favor of Chicago Mill & Lumber Company on June 8, 1962 for $60,000, and further, that Chicago Mill & Lumber Company did, on June 29, 1965, execute an instrument conveying its right, title and interest acquired under said timber contract to Simon Zunamon.
Other preliminary matters concerning this case have twice been presented to this court. In a decision handed down on March 22, 1967 this court affirmed the trial court's judgment dissolving a writ of attachment and remanded the case to the district court for the purpose of further proceedings. Evergreen Plantation, Inc. v. Zunamon, 197 So.2d 398 (La.App., 2d Cir. 1967). On January 9, 1973 this court reversed the trial court's judgment dismissing plaintiffs' suit for lack of prosecution and remanded the case to the trial court. Evergreen Plantation, Inc. v. Zunamon, 272 So.2d 414 (La.App., 2d Cir. 1973).
On March 30, 1973 defendant filed exceptions of no cause of action and no right of action. These exceptions were based on the fact that defendant was a third party purchaser against whom, under the law, a cause of action for lesion beyond moiety does not lie. Subsequent thereto, but prior to any hearing on the exceptions, plaintiffs on May 21, 1973, with leave of the trial court, filed an amending and supplemental petition alleging the same action of lesion beyond moiety, and in pertinent part the following:
"Plaintiffs allege on information and belief that defendant, Simon Zunamon, acted as the mere nominee in the transfer of the assets of Chicago Mill and Lumber Company for certain individuals having collective ownership of forty percent of the outstanding stock of said corporation; that a commercial partnership was thereafter formed by said individuals who continued to operate under the *416 name of Chicago Mill and Lumber Company; that subsequent to the sale, a number of employees previously employed by the corporation continued to be employed in the same positions with the partnership; that said partnership operated the identical businesses in the same manner as did the predecessor corporation; and that therefore defendant, Simon Zunamon, was not a good faith third party purchaser for valuable consideration."
On May 23, 1973 defendant filed an exception of prescription liberandi cause in which he plead prescription of four years provided in LSA-C.C. Arts. 1867 and 2595 for actions of lesion beyond moiety. The trial judge sustained the exceptions of no cause or right of action and the exception of prescription and dismissed plaintiff's suit with prejudice. From this judgment plaintiffs perfected a devolutive appeal.
Two legal issues are presented to this court: (1) does plaintiffs' petition, as amended, set forth a right or cause of action against defendant based on lesion beyond moiety? (2) Is there merit in the exception of prescription based on the fact that more than four years elapsed from the date of the sale until the amended petition was filed?
In plaintiff's amended and original petitions are stated facts which for the purpose of these three exceptions must be considered as true. These facts are: (a) defendant was acting as a mere nominee for certain stockholders in the transfer of assets from the original vendee; (b) these stockholders formed a commercial partnership and operated under a trade name exactly the same as the original vendee; (c) a number of the same employees of the original vendee were continued in their same positions; (d) the partnership continued to operate the business in the same manner as the original vendee.
Lesion is defined in our Louisiana Civil Code Article 1860 as follows:
"Lesion is the injury suffered by one who does not receive a full equivalent for what he gives in a commutative contract. The remedy given for this injury, is founded on its being the effect of implied error or imposition; for, in every commutative contract, equivalents are supposed to be given and received."
LSA-C.C. Art. 1861 sets forth the scope of relief for a person of full age:
"The law, however, will not release a person of full age, and who is under no incapacity, against the effect of his voluntary contracts, on account of such implied error or imposition, except in the two following cases:
1. In partition where there is a difference in the value of the portions to more than the amount of one-fourth to the prejudice of one or [of] the parties;
2. In sales of immovable property, the vendor may be relieved, if the price given is less than one-half of the value of the thing sold; but the sale can not be invalidated for lesion to the injury of the purchaser."
LSA-C.C. Art. 1876 sets forth prescriptive period of action for lesion:
"Actions for lesion are limited to four years, to date from the time of the contract between the persons of full age, and from the age of majority in contracts of minors."
One of the earliest cases considering the action of recission for lesion beyond moiety held such action is limited to the original vendee, and cannot be maintained against a subsequent purchaser in good faith. Snoddy v. Brashear, 3 La. Ann. 569 (1848); 13 La.Ann. 469 (1858). Later the above holding was approved in Morgan v. O'Bannon & Julien, 125 La. 367, 51 So. 293 (1910).
These cases must be distinguished from a third party vendee who acts as a "nominee." *417 Nominee is defined in Black's Law Dictionary (4th edition, 1957) as:
"* * * one designated to act for another as his representative in a rather limited sense. It is used sometimes to signify an agent or trustee. It has no connotation, however, other than that of acting for another, in representation of another, or as the grantee of another. Schuh Trading Co. v. Commissioner of Internal Revenue, C.C.A. 7, 95 F.2d 404, 411."
Manifestly, the nominee is not really a third party but only an "alter ego" of the original vendee and as such nominee he stands in the same position as the one he represents, the original vendee. The action of lesion beyond moiety would be good against him as it would the original vendee.
The allegations of plaintiffs' original petition recite the original vendee, Chicago Mills, did on a date prior to the filing of this suit, convey title to the timber contract to defendant. These allegations alone would not state a cause of action to rescind the sale because of lesion beyond moiety but was sufficient to appraise defendant of the nature of the demand and was notice to defendant plaintiffs intended to assert same. The trial court sustained the exception of prescription. We find this to be in error. LSA-R.S. 9:5801 provides:
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue.. . ."
It is apparent to us the original and amended supplemental petition asserts one and the same right or cause of action, i. e., a claim for rescission of sale of timber because of lesion beyond moiety. The original petition of plaintiffs, even though it may have been held to imperfectly set forth a cause of action for lesion beyond moiety, did sufficiently appraise defendant of the nature of plaintiffs' demands, so as to have the effect of interrupting prescription. The amending and supplemental petition was properly allowed by the trial court and is not subject to the exception of prescription. McKay v. Southern Farm Bureau Casualty Company, 123 So.2d 658 (La.App., 1st Cir. 1960); Callendar v. Marks, 185 La. 948, 171 So. 86, and Reeves v. Globe Indemnity Company, 185 La. 42, 168 So. 488.
For the foregoing reasons, the judgment of the trial court is reversed and the exceptions of no right or cause of action and exception of prescription are overruled, and this case is remanded to the Sixth Judicial District Court for further proceedings in accordance with this opinion. Defendant-appellee is assessed with all costs.
Reversed and remanded.
AYRES, J., dissents without written reasons.