(38 South. 481.)

No. 15,572.

BELCHER & CRESWELL v. JOHNSON.

(April 24, 1905.)

LESION BEYOND MOIETY—RIGHTS OF CREDITOR.

1. All parties in interest are parties to the suit.

2. The action is founded on facts from which "error" or "imposition" is impliable. Civ. Code, art. 1860.

3. It is not the revocatory action growing out of the acts of fraud on rights of creditors.

4. It is a right of property. In order to maintain the action, it is not necessary to allege fraud.

5. The creditor can exercise all rights save those not merely personal, and where the creditor refuses to sue to set aside the lesion in a sale the action may be brought and sustained by a creditor.

6. All creditors have the same right, irrespective of dates of their respective claims.

Nicholls, J., dissenting.

(Syllabus by the Court.)

Action by Belcher & Creswell against Willie Johnson. A judgment for defendant was affirmed by the Court of Appeal, and plaintiffs apply for certiorari or writ of review. Reversed.

Murff & Webb, for applicants. Pugh, Thigpen & Foster, for respondent.

BREAUX, C. J. Briefly stated, the facts are as follows:

Willie Johnson having sold a tract of land to W. C. Agurs for less than one-half its value, the plaintiffs, Belcher & Creswell, who are the judgment creditors, brought suit for the difference between the value of the land and the price at which it was sold to Agurs. Plaintiffs, in their suit, in the alternative ask that the sale be rescinded. The property was sold to Agurs by Johnson on the 23d day of March, 1901.

Plaintiffs became the creditors of Willie Johnson subsequent to the time the sale in question was made. Johnson has no other property out of which they can make the amount of their judgment. This right is worth more than a thousand dollars.

Plaintiffs' contention is that their judgment debtor has a right to revoke and rescind the sale for lesion, and that, in consequence, they, the creditors of Johnson, have the same right, as it is property of their debtor, Johnson. Plaintiffs aver, in substance, that their debtor, Johnson, in refusing to sue to set aside the sale for their benefit, is acting in fraud of their rights.

114 LA.—21

To this contention defendant interposes the defense that the right to rescind a sale on the ground of lesion beyond moiety is personal to the vendor, and that, if it is not, then plaintiffs are still without right to rescind the sale, for some time prior to their obtaining a judgment against their debtor, Johnson had sold and delivered the property in contestation to Agurs.

The suit was dismissed in the district court on an exception of no cause of action. On appeal to the Circuit Court of Appeal the judgment of the district court was affirmed. The cause is now before us in obedience to a writ of review issued by this court.

Lesion beyond moiety in a contract of sale vitiates the contract.

The allegations of plaintiffs' petition are admitted true for the purpose of the trial of the exception. They set forth facts sufficient to constitute lesion.

The question does not, in this instance, arise between seller and buyer, and, in consequence, it presents different issues than would arise were it between these two. The creditors are the complaining parties. They wish to exercise the right of their debtor, and recover an amount to which, they aver, this debtor is entitled.

In considering the claims of the creditors to the undoing what has been done between the vendor and vendee, in order that they may collect their judgment, we, in the first place, are confronted with the provision of the Code which lays down the broad rule that all the debtor's property is bound for his debt. Civ. Code, art. 3182.

The creditor can exercise all the rights of his debtor, except those exclusively personal.

The creditor cannot compel the debtor to bring a suit of separation of property between him and his wife, as the right is entirely personal; nor for the same reason can he compel him to accept a donation, nor can he call on coheirs to collate. Civ. Code, art. 1991.

In the article following of the Code there are other personal rights mentioned as not subject to a creditor's claim, and they are personal servitude, use and habitation, usufruct of the estate of a minor child, the income of dotal property, salary of an officer, and wages or recompense for personal services.

From these provisions of the Code it cannot be inferred that the lawmakers intended to exclude rights of debtors to attack their debtor's sale for lesion beyond moiety.

It is not a mere personal right. It is subject to seizure.

The right under the authorities cited cannot be classed as mere personal. A creditor can exercise the right of his debtor in all cases in which the debtor's cause does not fall within the exceptions above referred to relating to mere personal property. That was the view expressed in Spencer v. Goodman & Bradfield, 33 La. Ann. 906.

A similar view is expressed in Forstall v. Association, 34 La. Ann. 775, in which the court, in substance, held that a creditor can exercise all the rights of a debtor not merely personal.

The views of French courts and of commentators upon the subject are direct, and bear with unerring force upon the point. They are: The action in rescission for lesion can be exercised by the creditor if the debtor has sold his property for a vile price. The law then permits the creditor to act where the debtor does not. Carpentier, vol. 15, p. 481, citing Laurent, vol. 16, p. 383; Baudry-Lacantinerie, vol. 2, p. 913.

Is it necessary to charge fraud or bad faith in order to sustain the action? is a question which arises in the discussion of the issues.

Bad faith and fraud may be practiced in a sale in which there was lesion beyond moiety. But they do not enter into all contracts in which there is lesion beyond moiety. It may also be founded "on its being the ef-

fect of implied error or imposition" (Civ. Code, art. 1860), and not necessarily include "fraud" or "bad faith" as vitiating elements of the contract.

There was fraud alleged against the vendor. The action was to rescind the sale on proof that the vendor received less than one-half the value of the immovable sold. Impliedly there was, then, under these allegations, error and imposition. There is no necessity that fraud be alleged, as in a revocatory action, for instance.

This brings us to the last and important point in the case. We infer from the written argument and from the pleadings that the plaintiffs, Belcher & Creswell, became the creditors of Johnson some time after the sale was made; in other words, on the day that Johnson sold to Agurs, plaintiffs were not the vendor's creditors. But the right existed because of said lesion at the date that plaintiffs became his (the vendor's) creditors.

If the following, taken from the Civil Code, should be taken as applying to the question (as held by the district court and Court of Appeal), then unquestionably plaintiffs would have no right of action:

"No creditor can, by the action given by this section, sue individually to annul any contract before the time his debt accrued." Civ. Code, art. 1993.

But the action given by the section to which the quotation refers is an action to annul any contract made in fraud of creditors, and not the action to set aside an act for lesion.

Plaintiffs are not seeking to bring about the revocation of a contract, or to have it decreed a nullity.

The purchasers here may rescind the sale, or have it confirmed on paying full value. The action is therefore not revocatory, and the limit placed upon the exercise of creditors' rights to sue on the ground of fraud can scarcely be extended so as to include within its terms a right recognized in another

section of the Civil Code than the section relating to the fraud committed on the rights of creditors.

From that point of view counsel have cited no decision which throws light upon the subject. There are decisions of the French courts upon the subject. To the extent of our researches we have found no French authority sustaining the view of the district court and of the Court of Appeal to which we have just referred.

True, the Code Napoleon has no article such as the one we have heretofore quoted in full. If we were to hold that the cited article has some bearing, and covers the action for lesion beyond moiety, the decisions and the text of commentators to which we will refer in a moment would be entitled to little weight. It is manifest the text cited has no bearing, for it refers to the action instituted to revoke a contract or to set it aside for fraud. Here the action is by a creditor to obtain relief by setting aside a sale for lesion beyond moiety. The questions are governed by different articles of the Code. In consequence, the decisions of the French courts and the views of commentators are at least persuasive.

Upon the subject we feel confident in holding that all creditors have the same right on the property of the debtor without regard to the dates of their respective claims. Laurent, vol. 16, p. 454, § 396.

The date of the claim is of no importance. Carpentier, p. 484, vol. 15, § 206; also Huc, v. 7, p. 186.

No difference because of date arises. They are all on equal footing. Baudry-Lacantinerie, vol. 1, p. 568, § 630.

We are not concerned in this case about the rights of third persons who have or may have a mortgage on the property. The point is not before us.

We only decide that plaintiff on the papers before us has a right of action.

The judgment of the Court of Appeal is annulled, avoided, and reversed; also the judgment of the district court. The case is remanded to the district court for further proceedings in accordance with views expressed.

The costs before this court to be paid by respondent, by defendant in the Court of Appeal; and the costs in the district court to await the final decision in the case.

NICHOLLS, J., dissents.