PROVOSTY, J.
This suit came to this court on exception of no cause of action, and is reported in 123 La. 959, 49 South. 655.
Plaintiff sold to defendant the merchantable pine timber on 160 acres of land for $600, in December, 1904, and, three years after-wards, in June, 1908, brought this suit to annul the sale for lesion beyond moiety. On an exception of no cause of action, defendant contended that the article of the Code allowing sales of immovables to be set aside for lesion beyond moiety does not apply to sales of timber. This court recognized that such was the case under the Code Napoleon, and would be the case under the article of the Code dissociated with Act No. 188, p. 420, of 1904, but that, in view of the imperative provision of that act, to the effect that “standing timber shall remain immovable, and be subject to all the laws on the subject of immovables even when separated in ownership from the land on which it stands,” the situation was different. And the case was remanded for trial.
On Motion to Dismiss.
[1] The judgment of the trial court was as follows-:
(1) Annulling the sale for lesion.
(2) Condemning defendant to pay plaintiff $3,420, the value of the timber on the day of sale, with 5 per cent, per annum interest thereon from date of judgment.
(3) Condemning plaintiff to pay defendant $600, with 5 per cent, per annum interest thereon from date of the sale.
(4) Decreeing that “defendant shall have the option of canceling the trade as above ordered or of paying the amount of the judgment of $3,420, less the $600 purchase price,” and allowing 15 days within which to elect between keeping the property on paying such supplement of price, or returning the property and receiving back the purchase price.
From that judgment, defendant took a suspensive appeal. Thereafter defendant proceeded to cut and remove the timber.
Plaintiff has moved to dismiss the appeal on the ground that this taking of the timber was a voluntary execution of the judgment, entailing the loss of defendant’s right to appeal. C. P. art. 567.
The solution of the question thus raised depends upon whether the right which the defendant exercised, in thus taking the timber, was or was not derived from the judgment. If it was, he executed the judgment'. If it was not, he did not execute the judgment, but simply exercised a right which he possessed independently of the judgment.
The right which the Code gives to the vendor to rescind the sale and get back the property is not absolute, but is subject to the option accorded the vendee to keep the property and pay the difference between the price of the sale and the just value of the property. This option is given absolutely and unconditionally to the vendee.
*31 We can discover no good reason why the vendee should not have the right to exercise this option at any time — before or after suit, before or after judgment — without prejudice to bis right to litigate the question of lesion vel non, provided, of course, that after judgment he first take a suspensive appeal to suspend all effect of the judgment. In a lesion suit, the sole and only issue is that of lesion vel non; the question of whether in case of lesion the vendee shall return the property or pay the supplement of price is not an issue in the case. On the latter question, the vendee decides for himself, and the court has nothing to say. By disposing of the property, therefore, the defendant confesses nothing, acquiesces in nothing that the court has decided. He simply exercises a right which he has to retain the property, lesion or no lesion. We do not see why a defendant could not, in his answer, deny that there was lesion, and, at the same time, go on and say that, in case the court should find the contrary, he exercises his option of keeping the property and paying whatever amount the court should find to have been the difference between the price of the sale and the just value of the property.
In the present case, had the defendant removed the trees and disposed of them before the institution of the suit, be would not thereby have affected in any way the right of the plaintiff to bring the suit, or his own right to defend it. This shows clearly that his action in thus disposing of the trees affects the suit in no way, and hence is not an acquiescence in the judgment in the suit. By way of further illustration, or proof, of defendant’s not having acquiesced in the judgment, we may add that he was condemned to do one of two things, and that he did neither. He was condemned to restore the property, or pay the supplement of price; and he did neither. Not having done any of the things he was ordered by the judgment to do, he cannot be said to have acquiesced in the judgment.
Nothing is to prevent this court from now passing upon the question of lesion, and making a decree appropriate in a case of lesion. The defendant can be condemned as well now as ever to either restore the property, or pay the supplement of price; and the plaintiffs have a full and adequate recourse on the suspensive appeal bond. The sole effect of the said action of defendant was to convert the suit of plaintiff definitively into one for supplement of price. But what difference does that make, when the latter was, anyway, the character of the suit from the beginning, at the option of defendant?
The motion to dismiss is overruled.