PROVOSTY, J.
This is a suit to annul for lesion beyond moiety a sale of 160 acres of timber lands. The price of the sale was §875; and its date, May, 1905. This suit was filed three years later in April, 1908.
The suit is of the same character as that of Nannie Smith v. Same Defendant, 55 South. 698,[1] yesterday decided, the only difference being- that in the present case the land itself was sold; whereas, in the other case the timber only was sold. What was said in the other suit may be repeated here —that we are satisfied this suit would never have been brought if the price of lands and timber, instead of greatly rising, had fallen or remained the same. There is in this case the same evidence as in the other of the litigation having been inspired and fostered by a Mr. Williams and his associates as a speculation; they to keep one-half of the profits.
There was in this case a motion to dismiss the appeal, predicated on the same ground as in the Nannie Smith Case. For the reasons there assigned the motion to dismiss is overruled.
Plaintiff entered the land under the homestead law of the United States; that is to say, for agricultural purposes. He testified in this case as follows:
“You remember making your final proof and affidavit and all?
“A. Yes, sir.
“Q. When asked this question No. 9 in that final proof, ‘What is the character of the lands, is it timber, minerals, prairie, grazing, or ordinary agricultural lands ? ’ what did you answer ? Didn’t you answer that it was ordinary agricultural lands?
“A. I believe I did; yes, sir. I believe I did. I think that’s the way I answered it.
“Q. When you were further asked to state its kind and quality and for what purpose it was most valuable, didn’t you state it was most valuable for agricultural purposes? Or for farming purposes?
“A. Well, I think I stated for farming. If I ain’t mistaken, I did.
“Q. You didn’t state that it was most valuable for its timber, you know that, don’t you?
“A. No, sir; I didn’t state that.
“Q. Well, was it or not, as a matter of fact, more valuable for agricultural purposes or for its timber?
“(Objected to for the reason that it is irrelevant and it is a question the witness has a right to decline to answer for the reason that it is seeking information that an indictment might be based on.
“(Ruling: The objection sustained, and the witness instructed that he need not answer unless he wants to.
“(To which ruling of the court, defendant excepts and reserves this note in lieu of a formal bill.)
“A. I exercise the right to decline to answer the question.”
Plaintiff’s patent was not offered in evidence; but he testified that he had already-received it when he made the sale. A witness testifies that shortly after the sale plaintiff told him that he had homesteaded the land “just to sell it and get the money,” and that “he got more than anybody else had gotten for their timber in that neighborhood.” Plaintiff denies that he made any such statements.
We find in this case the same conflict to the estimates of the quantity of merchantable timber on the land and in the testimony as to the ruling price of timber at that time as in the Nannie'Smith Oase; and we have come to the same conclusion as to the plaintiff having failed to make out a case of lesion. The present case, in one respect, offers less difficulty than does the Nannie Smith Oase, in that the thing sold in this case was the land itself, and the testimony leaves little or no room to doubt that plaintiff sold his land at the ruling price at that time — in fact, made rather a good bargain. Except the testimony of Mr. Strother, who seems to testify more as to what ought to have been than as to what actually was, there is really no evidence going to show that plaintiff obtained less than the price that ruled at that time.
The judgment appealed from is therefore set aside, and plaintiff’s suit is dismissed, with costs.
LAND, X, concurs. SOMMERVILLE, X, tak.es no part herein.

 Ante, p. 28.