308 So.2d 499 (1975)
Alfred L. WARRINER, Jr.
v.
Anthony J. RUSSO, Jr. and Mignon, Inc. (Consolidated with No. 6634, Alfred L. Warriner, Jr. v. Anthony J. Russo, Jr.)
No. 6628.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1975.
Rehearing Denied March 12, 1975.
*500 George C. Ehmig, New Orleans, for plaintiff-appellant.
George C. Stringer, Jr., New Orleans, for defendant-appellee.
Before REDMANN, LEMMON and GULOTTA, JJ.
LEMMON, Judge.
Plaintiff has appealed from a judgment dismissing his suit to annul a sale of certain immovable property to defendant Anthony J. Russo, Jr. The principal issue before us is whether plaintiff's evidence established that his consent to the sale was obtained by fraud.
When threatened with foreclosure of mortgages on his residence and office buildings, plaintiff negotiated with Russo for a loan. Inasmuch as plaintiff had several judgments recorded against him and was threatened with a large judgment not yet rendered, they agreed that Russo would take title to the property and execute a separate counter letter, in which Russo would acknowledge that the sale was for the convenience of the parties and that plaintiff could exercise a stipulated right to repurchase.
The parties executed an agreement to purchase on September 28, 1967, and Russo's deposit was used to pay the delinquent mortgage installments and thus obtain dismissal of the foreclosure.
On October 30, 1967, when the parties met to sign the necessary documents, Russo refused to sign a counter letter and also exacted more interest and a shorter period for payment. Against his attorney's advice, plaintiff executed the sale in reliance on Russo's "gentleman's agreement" to allow redemption of the property within two years upon repayment of the amount expended and interest thereon.
The next day Russo leased both properties to plaintiff (and he eventually evicted plaintiff from possession of both properties).
About a year after the sale, Russo transferred title to the properties to defendant Mignon, Inc., a newly-formed corporation wholly owned by Russo and his wife and daughter.
When plaintiff sought to redeem the property within the two-year period, Russo refused. Plaintiff then instituted this suit, demanding return of the property.
On appeal, plaintiff admits he signed the notarial act of sale, but contends his consent to the sale was procured by fraud. In effect he contends that Russo, by verbally promising to allow him to redeem the properties, fraudulently induced his consent to the sale.[1]
At the time of the sale plaintiff was advised that the verbal promise was unenforceable, but consented to proceed with the transaction and to rely on a promise he knew could not be judicially enforced. Under such circumstances we cannot say the giving of a promise known to be unenforceable constituted fraud.
The purpose of the parol evidence rule in C.C. art. 2462, which prohibits enforcement of a verbal agreement relative to immovable property, would be thwarted if we held that repudiation of such a promise, at all times known by the promisee to be unenforceable, amounted to fraud sufficient to vitiate a written contract of sale. To allow plaintiff the relief he seeks on this basis would be equivalent to enforcing an unenforceable promise. We therefore affirm the trial judge's decision that the sale should not be annulled because of fraud.
*501 The record in this case, however, indicates the possible existence of all elements necessary to rescission of the sale on account of lesion beyond moiety.[2] C.C. art. 2589 et seq.
The act of sale recited Russo paid $57,773.51, which included assumption of the delinquent mortgage.[3] Other evidence indicates the cash portion of the purchase price (about $10,000.00) was used to pay other encumbrances bearing against the properties.
A 1963 appraisal in the record valued the properties for purposes of the mortgage loan at $122,500.00.[4]
This court can render any judgment which is just and proper on the record. C.C.P. art. 2164. Plaintiff demanded rescission of the sale and established facts which indicate he may be entitled to this relief (although not on the basis demanded). Inasmuch as defendants did not litigate this case on the basis of defending a rescission claim grounded on lesion, and since the appraisal was presented to show circumstances indicating fraud (and not to establish values for proof of lesion), we believe the ends ofjustice would be served best by remanding the case to allow each side an opportunity to present further evidence bearing on the question of lesion.
Accordingly, although we affirm the dismissal of the demand for nullity to the extent that the demand was based on fraudulent inducement of consent to the sale, the judgment of the trial court is otherwise annulled and set aside. The case is now remanded to the trial court for the sole purpose of allowing all parties to introduce evidence bearing on the issue of lesion beyond moiety and for judicial determination of that issue. Assessment of the costs will be deferred until final adjudication of the case.
Set aside and remanded.
NOTES
[1] To Russo's argument that C.C. art. 2276 prohibits the use of parol evidence to vary the terms of the written act of sale, plaintiff correctly responds that this rule is not applicable when fraud is alleged.
[2] A corporation, which is an alter ego of the original vendee, stands in the same position as the original vendee in a vendor's action for lesion beyond moiety. Evergreen Plantation, Inc. v. Zunamon, 291 So.2d 414 (La.App. 2nd Cir. 1974).

For another instance of recovery when the vendee has sold the property to a third party, see O'Brien v. LeGette, 254 La. 252, 223 So.2d 165 (1969).
[3] In addition to the property, Russo received a rent claim in the amount of $14,400.00. Although Russo later obtained a judgment on this claim, the record does not indicate the actual worth, if any.
[4] The $49,500.00 valuation of the residential property was based on a 210-foot lot (itemized at $17,850.00). The sale did not include a 90-foot portion of the lot.