GUIDRY, Judge.
This is a suit for rescission of a timber sale contract for the alleged breach of material conditions thereof by the vendee and in the alternative on the ground of lesion beyond moiety.
The facts giving rise to the instant controversy are not in dispute.
On June 1, 1977, Joe R. Palermo, Jr. and William W. Clark purchased a twenty acre tract of land in Calcasieu Parish, Louisiana described as S/2 of NE/4 of NE/4 Section 25, T. 10 S.R. 13 W. (hereafter referred to as “subject land”). On June 7, 1977 Clark conveyed a 'Ath interest in the subject land to Palermo. Following the latter sale the subject land was owned %rds by Palermo and Vsrd by Clark. On September 9, 1977, Clark and Palermo sold to the defendant, Raymond Davis, for a consideration of $3500.00, all of the merchantable timber lying or standing or situated upon the subject land with the term for the removal of such timber being fixed as follows:

“It is understood and agreed that the Vendors shall secure written right-of-way agreements and record said agreements with the Clerk of Court. Thereafter, Purchaser shall have Eighteen (18) months from the date of recorded right-of-way agreements within which to re
*1003
move said timber and at the expiration of such period all of his rights hereunder shall cease and terminate.”

In this agreement, in addition to the cash consideration called for, defendant obligated himself to “construct at his own expense, a roadbed suitable for dedication per' the attached drawing, upon the right-of-way to be secured by vendor”.[1]
Subsequent to the timber sale by Clark and Palermo to Raymond Davis and on October 6, 1977, Palermo conveyed his two-thirds interest in the subject land to Pal-vest, Inc., a Louisiana corporation. It is important to note at this point that the latter sale was made with full and general warranty and without exception as to the timber estate previously sold. On January 4, 1978 the written right-of-way agreements contemplated by the timber sale were secured by Clark and Palvest and recorded in the conveyance records of Calca-sieu Parish, Louisiana. Thereafter, by two deeds dated and recorded January 17, 1978, defendant conveyed a Vitb. interest in the timber estate and all timber cutting rights on the entire estate to one, Ralph W. Sanders d/b/a Sanders Timber Company. The terms of the latter two deeds are unimportant to a consideration of the issues' presented except to observe that it is un-contradicted that as a result of such sales to Sanders defendant received a gross consideration of $26,150.50 and incurred attendant expenses, including initial sales consideration paid to Clark and Palermo, of $8146.50, for a total net profit of $18,004.00.
This suit was instituted on February 6, 1978. On August 15,1978, after trial on the merits, the trial court, for written reasons assigned, rejected plaintiffs’ demand for rescission of the contract for breach of any material conditions thereof but sustained plaintiffs’ plea of lesion and rendered what it terms an “INTERLOCUTORY JUDGMENT” which decreed in pertinent part as follows:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiffs, WILLIAM WAYNE CLARK and PALVEST, INC., and against the defendant, RAYMOND C. DAVIS, in lesion beyond moiety and condemning the defendant to deposit into the registry of the Court any and all revenues received by him or to be received by him for the sale of the timber to Ralph Sanders, on the following described property to-wit: . . .

Such revenue shall remain in escrow to be adjusted by expenses of the defendant incurred in the subject timber transaction and a final judgment shall be rendered herein after completion of the cutting of such timber, or (sic) or before January 1, 1979.”

On November 9, 1979, after removal of all timber from the subject land and pursuant to a rule filed by plaintiffs, the trial court rendered a final judgment in favor of plaintiffs and against the defendant in the sum of $26,150.50, subject to a credit to the defendant for expenses incurred in the subject timber transaction in the sum of $8146.50. It is from this judgment that the defendant has taken this suspensive appeal. Plaintiffs have neither appealed nor answered the appeal of defendant.
In rendering judgment as he did the trial judge relied on O’Brien v. LeGette, 254 La. 252, 223 So.2d 165 (1969) which holds in effect that “. . . in an action based on lesion, when it appears that it is impossible for the original vendee to restore any of the property because it has been sold in its entirety, the vendor is entitled to be reimbursed for the profit the vendee has realized”. Applying the rationale of O’Brien, supra, the trial court rendered an interlocutory judgment decreeing plaintiffs’ plea of lesion to be well founded and held the matter in abeyance until completion of all timber removal in order that a final judgment might set forth with precision and exact *1004 ness the actual profit realized by vendee. Appellant does not question the procedure followed by the trial court and we do not address this issue. Neither does appellant argue with the legal principles set forth in O’Brien, supra. However, defendant on appeal contends that the trial court erred in (1) denying his exception of no right of action against Palvest, Inc.; and, (2) sustaining plaintiffs’ plea of lesion. These are the only two issues raised on appeal and we will address same in the order set forth above.
EXCEPTION OF NO RIGHT OF ACTION[2]
The exception of no right of action calls into question whether the plaintiff has standing or interest under the law to bring suit. In the instant case the exception filed by appellant questions the right of Palvest, Inc., as successor in title of Palermo, to institute and prosecute an action for rescission of the timber sale from Palermo and Clark to defendant. Appellant argues that once standing timber is sold a separate estate is created and since the timber estate in question was created prior to the acquisition by Palvest of an interest in the property, Palvest has no right or interest to challenge the timber sale. Under the factual circumstances of this case we disagree.
Under our law the right to rescind a sale for lesion beyond moiety is not strictly personal to the vendor. Consequently, such right is heritable, subject to seizure and, as we hold herein, transferrable by the owner of such right. LSA-C.C. Articles 1861 and 2589 et seq.; Belcher and Creswell v. Johnson, 114 La. 640, 38 So. 481 (1905); Rogers v. Read, 355 So.2d 46 (La.App. 2nd Cir. 1978). In Belcher and Creswell, supra, the court considered the right of rescission for lesion to be transferrable to the extent that it allowed creditors to exercise this right when their debtor refused to do so. In so holding the court stated:
“. . . it cannot be inferred that the lawmakers intended to exclude rights of debtors to attack their debtor’s sale for lesion beyond moiety.

It is not a mere personal right. It is subject to seizure.

The right under the authorities cited cannot be classed as mere personal. A creditor can exercise the right of his debtor in all cases in which the debtor’s cause does not fall within the exceptions above referred to relating to mere personal property. That was the view expressed in Spencer v. Goodman & Bradfield, 33 La. Ann. [898] 906.

A similar view is expressed in Forstall v. Association, 34 La.Ann. [770] 775, in which the court, in substance, held that a creditor can exercise all the rights of a debtor not merely personal.

The views of French courts and of commentators upon the subject are direct, and bear with unerring force upon the point. They are: The action in rescission for lesion can be exercised by the creditor if the debtor has sold his property for a vile price. The law then permits the creditor to act where the debtor does not. Carpentier, vol. 15, p. 481, citing Laurent, vol. 16, p. 383; Baudry-Lacantinerie, vol. 2, p. 913.” (Emphasis supplied)

In Rogers, supra, the court concluded that an heir enforcing the right of rescission for lesion beyond moiety did not assert a right of forced heirship but asserted instead a contractual or statutory right of their ancestor. In Rogers, supra, the defendant contended that the action of rescission for lesion was limited to forced heirs and could not be raised by collateral heirs. In rejecting this contention the court stated:
*1005 . . The argument might have some merit if rescission for lesion were deemed to be a strictly personal risrht of action, but such is not the ease.

Upon a determination that the right is not a personal one granted only to an individual and which would abate on death, it follows that the right is necessarily one which is heritable and a part of the decedent’s patrimony which passes to his successors at his death. LSA-C.C. Arts. 871, 872. We. therefore, held that the riorht to rescind a sale for lesion beyond moiety may be exercised bv anyone who succeeds to the patrimony of a decedent whether a forced, collateral or legal heir or a testamentary legatee. The right is likewise subject to seizure and exercise by creditors. When a succession is under administration, as in this case, the administrator is the proper party to assert the right of the succession. LSA-C.C.P. Arts. 3191, 3196, 3211.” (Emphasis supplied)

Considering the above we can conceive of no good reason why such right of rescission should not be considered transfer-rable by deed. We hold that it is and that such right if transferred is exerciseable by the transferee.
In the instant case Palermo, following the timber sale to Raymond Davis, conveyed all of his interest in the subject land, without exception, to Palvest, Inc., such sale being made “with full guarantee of title and with complete transfer and subro-gation of all rights and actions of warranty against all former proprietors of the property herein conveyed . . . ”. There being no exception made as to the estate sold to Palvest, the deed was sufficient to convey all rights, not personal, owned by the vendor in the land and timber, whatever those might be, for the ownership of the soil carries with it the ownership of all that is directly above and under it. LSA-C.C. Article 505. In our view, considering the prior sale to Davis, Palvest, by virtue of the warranty sale made to it, had the right to sue its own vendor in warranty or it could choose to exercise such rights as Palermo might have under the timber sale to which it was subrogated, including as we hold the right to demand a rescission of the sale made to Davis because of lesion beyond moiety. For these reasons we conclude that when suit was instituted Palvest, Inc., to the extent of its interest, was vested with a right of action to rescind the timber sale to Davis on the ground of lesion beyond moiety and therefore the exception of no right of action filed by defendant-appellant should be dismissed.
DID THE TRIAL COURT ERR IN SUSTAINING PLAINTIFFS’ PLEA OF LESION?
According to LSA-C.C. Article 2590 in ascertaining whether there is lesion beyond moiety, the immovable must be estimated according to the state in which it was, and the value which it had at the time of the sale.
At trial on the merits plaintiffs presented the expert testimony of Mr. Leonard H. Thomas, a forestry consultant and expert appraiser, who opined that the timber estate had a total value on September 9, 1977 of $48,485.00. Defendant presented no evidence whatever to contradict the testimony of Mr. Thomas or to show the actual cost to him of the construction of a roadbed to the subject land, which was his only obligation as buyer under the timber sale other than payment of the cash consideration of $3500.00. The only evidence as to the cost of constructing the roadbed was that of the defendant who suggested that the cost would be in the neighborhood of $12,000.00 to $15,000.00.
In sustaining plaintiffs’ plea of lesion the learned trial judge stated:

“It is the contention of the defendant that the plaintiff in this case did not meet his burden of proof as required under the law in order to show lesion beyond moiety. This Court would recognize that in order to prove lesion the burden of proof is a heavy one. However, in this case Mr. Leonard H. Thomas, a forest consultant 
*1006
and expert appraiser, testified as to the value of the timber. Mr. Thomas testified that after making a cruise of the timber, he estimated there to be 320,000 board feet of pine sawtimber, 2,000 board feet of hardwood sawtimber, 36 cords of pine pulpwood and 15 cords of hardwood puipwood. It was his impression that the present market stumpage of this timber if sold on the stump would be $48,485. Considering his estimate and the price that Mr. Ralph Sanders paid to the defendant, that sum being $5,000 for a one-fourth interest in the timber, it is clear to the Court that the value of the timber exceeds the sales price by more than one-half which would be necessary to find lesion. Although there was no testimony as to the exact cost of a road which would meet the specifications in the contract, it appears to the Court that even considering this cost the value of the timber exceeds the sales price bv more than one-half.” (Emphasis supplied)

At the hearing prior to rendition of the final judgment in this case defendant for the first time offered to prove the actual cost of constructing the roadbed. The trial judge, reasoning that this offer of evidence came too late since he had previously sustained plaintiffs’ plea of lesion and rendered an interlocutory judgment to that effect on August 15, 1978, rejected this evidence but permitted defendant to make an offer of proof under the provisions of LSA-C.C.P. Article 1636. The evidence tendered by defendant under the proffer is inadmissible hearsay as it consists only of a proposal for the cost of building the roadbed purportedly received from Bi-Co Pavers Inc. The proposal amounts to nothing more than an out-of-court statement made by the author of the proposal who was not in court, under oath and available for cross-examination.
Considering that the evidence tendered under the proffer was inadmissible hearsay, we need not consider same nor consider whether the trial judge erred in refusing to receive such evidence at the hearing before final judgment. However, in any event, we observe that, even if admissible, the evidence tendered would not reflect error in the trial judge’s ultimate conclusion that the plea of lesion was valid. The following mathematical computation bears this out:
Value of timber estate. . $48,485.00
Sales Price:
(a) Cash Consideration . . $ 3500.00
(b) Cost of Roadbed .... 13885.00 17.385.00
2 X $17,385.00 = $34,770.00
Since the vendors were aggrieved for more than one-half the value of the timber estate sold, they are clearly entitled to the relief granted.
. For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.
AFFIRMED.

. This road was never constructed. However, defendant contends that he was prevented from doing so by the institution of this suit and the trial court erred in failing to consider the cost of construction thereof in determining whether or not plaintiffs’ plea of lesion should have been sustained. This issue will be fully considered at a later point in this opinion.

. Defendant filed two exceptions styled “Exception of No Cause or Right of Action”. In the judgment rendered and signed on August 15, 1978, the trial court specifically dismissed the exception of no cause of action but made no mention of the exception of no right of action. Appellees suggest in brief that the exception of no right of action was never brought before the trial court for a decision and that no judgment was ever rendered on such exception from which an appeal could be taken. Irrespective of whether or not the trial court considered the exception of no right of action we may do so since the failure to disclose a cause of action or a right or interest in the plaintiff to institute suit may be noticed by either the trial or appellate courts on their own motion. LSA-C.C.P. Article 927.