WILLIAMS, Judge.
Plaintiffs, purchasers of certain immovable property, appeal the trial court judg *699 ment dismissing their suit to annul the sale and for return of the purchase price and in the alternative for partition of certain immovable property sold to defendant, Maxine Young. The issue is whether plaintiffs have stated a cause and/or right of action on the grounds of lesion beyond moiety against Maxine Young, purchaser of a one-half interest in the property included in the subsequent sale to plaintiffs. For the reasons set forth below, we affirm.
On November 4,1987, plaintiffs, Dorothy Howard and Sandra Smith, entered into a contract to purchase certain immovable property located at 2016-18 Choctaw Street in New Orleans from defendants, Timothy Jones and Terrace Jones, for the sum of $7,000.00. An Act of Sale was duly executed by the parties on November 20, 1987 which was properly recorded in the conveyance records in Orleans Parish on November 23, 1987. The sale was made with full and general warranty in favor of the purchasers.
Unbeknownst to plaintiffs, on November 13, 1987, defendant Timothy Jones executed an Act of Sale in favor of his aunt, Maxine Young, transferring a one-half interest in several pieces of immovable property for the sum of $1,485.00, representing the payment of the 1986 and 1987 taxes past due together with redemption of taxes and maintenance of said property. This Act of Sale was recorded in the conveyance records of Orleans Parish on November 18, 1987, several days prior to the sale to plaintiffs. Included in this sale to Ms. Young was a one-half interest in the Choctaw Street property which was subsequently made part of the sale to plaintiffs.
Upon learning of these events, plaintiffs instituted this suit to annul the sale to Ms. Young and for return of their purchase price against Timothy Jones, Terrace Jones, Maxine Young, the real estate agent and the lawyer who passed the second act of sale. Defendant, Maxine Young, filed exceptions of no right and/or cause of action, which were granted by the trial court on August 21, 1989, thereby dismissing all of plaintiffs’ claims.[1] It is from this judgment that plaintiffs have taken this appeal.
We first address the exception of no cause of action.
An exception of no cause of action tests the legal sufficiency of the petition and is triable on the face of the petition. Where the well-pleaded allegations of the petition, when accepted as true, set forth a cause of action as to any part of the demand, the exception of no cause of action must be overruled. La.C.C.P. art. 927; Fabre v. Kaiser Aluminum and Chemical Corp., 446 So.2d 476 (La.App. 4th Cir.1984). The exception of no right of action raises the issue of whether the plaintiff has standing or interest under the law to bring suit. Clark v. Davis, 386 So.2d 1001 (La.App. 3rd Cir.1980).
Our review of plaintiffs’ petition reveals that plaintiffs allege that a one-half interest in the property which they contracted to purchase for $7,000.00 was previously sold to Maxine Young along with several other properties for $1,450.00, and that the sale to Young was lesionary. Accepting these allegations as true, it would appear that plaintiffs have sufficiently stated a cause of action for recission of the sale to Young based on lesionary grounds.
Rescission for lesion beyond moiety is governed by Article 2589 of the Louisiana Civil Code which provides:
If the vendor has been aggrieved for more than half the value of an immovable estate by him sold, he has the right to demand the rescission of the sale, even in case he had expressly abandoned the right of claiming such rescission, and declared that he gave to the purchaser the surplus of the thing’s value.
The purchase price of $1,485.00 paid by Maxine Young for several pieces of proper *700 ty including a one-half interest in the Choctaw Street property, could in fact constitute grounds for lesion if the market value of the property at the time of the sale was $7,000.00, the price paid by plaintiffs. We therefore hold that the trial judge erred in granting defendant’s exception of no cause of action.
We turn next to defendant’s exception of no right of action.
Timothy Jones transferred a one-half interest in the Choctaw Street property to his aunt, Maxine Young along with other properties for the sum of $1,485.00. Several days after the recordation of this sale, he and someone posing as his brother executed an act of sale in favor of plaintiffs purporting to sell the entire Choctaw Street property, including that portion which had previously been sold to Maxine Young, for the sum of $7,000.00.
The sale of a thing belonging to another person is null; it may give rise to damages, when the buyer knew not that .the thing belonged to another person. LSA-C.C. Art. 2452. At the time that defendants Timothy and Terrace Jones sold the property at 2016-18 Choctaw Street to plaintiffs, defendants were no longer the owners of the property. Therefore the sale is null. Plaintiffs did not acquire defendants’ right of action for lesion through that invalid sale.
We note that Louisiana courts have held that the right to rescind for lesion may be transferred to heirs, both forced and collateral, through succession laws and is also subject to seizure and exercise by creditors. See, Belcher and Creswell v. Johnson, 114 La. 640, 38 So. 481 (1905); Rogers v. Read, 355 So.2d 46 (La.App. 2nd Cir.1978). Plaintiffs are not heirs of Timothy Jones, nor are they creditors. Jones’ right to rescind the sale for lesion might have been subject to seizure and exercise by plaintiffs had they been judgment creditors of Jones pri- or to the sale to Maxine Young.
Clark v. Davis, 386 So.2d 1001 (La.App. 3rd Cir.1980), relied upon by plaintiffs, is easily distinguishable. In Clark, the sale of the land was valid, and only the sale of the timber standing on that property was the subject of the action in lesion. The court held the purchasers of the property on which the timber stood acquired the right to rescind the sale of the timber when they acquired title to the property. In the instant case, there has been no transfer of title to the property in question because the purported vendor had no title to the property-
For the reasons stated, the judgment of the trial court is affirmed.
AFFIRMED.
BECKER, J., concurs.
SCHOTT, C.J., concurring in the result.
CIACCIO, J., dissenting with reasons.
PLOTKIN, J., dissenting and joining in with reasons assigned by CIACCIO, J.

. Defendant filed two exceptions styled "Peremptory Exceptions of No Right of Action or, in the Alternative, No Cause of Action and Request for Sanctions.” In the judgment rendered and signed on August 21, 1989, the trial court specifically maintained the exception of no cause of action but made no mention of the exception of no right of action. Although it is unclear whether the trial court considered the exception of no right of action, we will consider the merits of both exceptions since the failure to disclose a cause or a right of action may be noticed by either the trial or appellate courts on their own motion. La.C.C.P. art. 927.