CIACCIO, Judge,
dissenting with reasons.
Because I am of the opinion that the plaintiffs have a right of action to rescind the sale by Timothy Jones to Maxine *701 Young based on lesionary grounds, I must respectfully dissent from the majority opinion.
Under Louisiana law, it is well established that the right to rescind a sale for lesion beyond moiety is not strictly personal to the vendor. Clark v. Davis, 386 So.2d 1001, 1004 (La.App. 3rd Cir.1980). Further, this right to rescind for lesion may be transferred to heirs, both forced and collateral, through succession laws and is also subject to seizure and exercise by creditors. See, Belcher and Creswell v. Johnson, 114 La. 640, 38 So. 481 (1905); Rogers v. Read, 355 So.2d 46 (La.App. 2nd Cir.1978).
I can find no persuasive rationale for holding that this heritable and transferable right which passes to an heir or a creditor would not likewise transfer to a subsequent purchaser who is subrogated to the vendor’s right to rescission by virtue of a subsequent, albeit fraudulent, sale.
The right to rescind a sale for lesion beyond moiety is implied in all sales of immovables where the price is lesionary, and cannot be abandoned or waived by the vendor. La.C.C. art. 2589. Rogers v. Read, supra, 355 So.2d at 50.
Based on these precepts, I dissent from the majority opinion which holds that following the first sale, Jones’ second sale transferred nothing to Howard. Although I acknowledge that the vendor could not transfer title to property which he had previously sold, he could, and in fact did, transfer to plaintiffs by contract of sale the only thing he had left, that is, the right to rescind the sale for lesion beyond moiety.
I conclude therefore that plaintiffs, the subsequent purchasers of property alleged to have been sold previously for a lesionary price, may exercise the right of rescission which was transferred to them by virtue of their act of sale with the vendor. I believe that plaintiffs herein have an interest in bringing this suit, and the defendant’s exception of no right of action should have been overruled.