JiTHIBODEAUX, Judge.
Myles A. Wilson appeals a judgment of default rendered against him on July 14, 1994, by the trial court. The trial judge found that the sale to him of immovable property by Vera L. Wilson was lesionary. Further, the default judgment decreed that Vera was not only entitled to $62,500.00, the amount Myles received when he sold the immovable property to Mose Mouton, Jr. and his wife, Marie RLomse Ledbetter Mouton, (Moutons) but declared Vera the owner of a promissory note executed by the Moutons payable to Myles in the amount of $34,853.62.

ISSUES

Myles contends that the trial court erred in awarding Vera $62,500.00 in damages because Vera did not establish a prima facie case and because the petition prayed for only $34,853.62 in damages and declaring Vera to be the owner of a promissory note executed in his favor.
We reverse that part of the judgment which transferred ownership of the promisso *216 ry note to Vera and amend the judgment to award $61,500.00 in damages.

FACTS

On August 21, 1991, Myles purchased the following described property from his aunt Vera:
That certain lot of ground, with all buildings and improvements located thereon, situated in Section 44, Township 11 South, Range 6 East irregular in shape, measuring 100 feet front on public road, by a depth on the East side of 85.6 feet, and bounded on the North by Public Gravel Road, South by Calton [sic] Wilson, East by Southern Pacific Railroad, and West by Estate of Carlton Wilson, Sr. or assigns. Being part of the property acquired by Vera Wilson Morgan per deed dated December 12, 1985, recorded under Entry No. 232774 of the Conveyance Records of St. Martin Parish, Louisiana.
Consideration for the sale consisted of $1,000.00 and “other good and valuable consideration.” There is nothing in the record that describes the “other good and valuable consideration.”
On April 28, 1992, Myles sold the property to the Moutons for a total of $62,500.00. The Moutons paid Myles $10,000.00 in cash and the balance was distributed among four promissory notes, one of which was the $34,-853.62 note involved in this appeal.
IsMyles was served with the petition on June 9, 1994. Myles alleges in his brief that he brought the petition to his attorney’s office. Due to a conflict of interest, Myles’ attorney could not handle the case. The attorney could not get in touch with Myles before the legal delays for answering the appeal expired because Myles left the state. Meanwhile, Vera obtained a preliminary default judgment on June 28, 1994, which judgment was confirmed on July 14, 1994. The trial transcript does not contain a note of evidence. Therefore, this court does not know what transpired when the preliminary default was confirmed.

LAW AND DISCUSSION

The rescission of sales on account of lesion is covered by La.Civ.Code arts. 2589-2600. The following articles are particularly germane to this case.
If the vendor has been aggrieved for more than half the value of an immovable estate by him sold, he has the right to demand the rescission of the sale, even in case he had expressly abandoned the right of claiming such rescission, and declared that he gave to the purchaser the surplus of the thing’s value. Art. 2589.
To ascertain whether there is lesion beyond moiety, the immovable must be estimated according to the state in which it was, and the value which it had at the time of the sale ... Art. 2590.
If it should appear that the immovable estate has been sold for less than one-half its just value, the purchaser may either restore the thing and take back the price which he has paid, or make up the just price and keep the thing. Art. 2591.
See also Goulas v. Goulas, 426 So.2d 735 (La.App. 3 Cir.1983), writ denied, 478 So.2d 907 (1985).
In 1994, the articles of the Civil Code did not provide for the situation where the purchaser in a lesionary sale sells the property to a third party before demand for rescission of the sale has been made. The present case presents just such |4a situation. The deficiency was corrected by new La.Civ.Code art. 2594 which became effective on January 1, 1995, and provides as follows in pertinent part:
When the buyer has sold the immovable, ... the seller may recover from the original buyer whatever profit the latter realized from the sale to the third person ... The comments to La.Civ.Code art. 2594 state that although the article is new, it does not change the law. It merely codifies the principle established by Louisiana jurisprudence. Comment (a) of the article goes on to cite the Louisiana Supreme Court case, O’Brien v. LeGette, 254 La. 252, 223 So.2d 165 (1969). Myles relies upon this case in his brief when he argues that Vera is not entitled to be declared owner of the promissory note.
*217 The basis of the remedy is that a vendor, who has sustained injury to the extent of more than one-half the value of the immovable conveyed by him or her, will be regarded as having acted in error or to have been imposed upon by the purchaser, irrespective of whether such error or imposition exists as a matter of fact. Foos v. Creaghan, 226 La. 619, 76 So.2d 907 (1954). This presumption of error is so strong and conclusive that even if the vendor knows and expressly declares that he or she knows the value of the property exceeds twice the price received, and that he or she expressly abandons the right to rescind the sale, nevertheless the law still gives him or her that right. Hamilton v. Hamilton, 522 So.2d 1356 (La. App. 2 Cir.1988).
Our brethren of the fifth circuit correctly state that “[t]he only issue of fact to be decided in a suit to set aside a sale for lesion beyond moiety is whether the vendor has sold the immovable for less than one-half its value at the time of the sale.” Montegut v. Davis, 473 So.2d 73 (La.App. 5 Cir.), writ denied, 477 So.2d 88 (1985). The trial court’s finding of fact on this issue is subject to the manifest error, clearly wrong standard of review. Rosell v. ESCO, 549 So.2d 840 (La. 1989). In an action!¿for rescission for lesion beyond moiety, the vendor must prove by clear and convincing evidence that the price given was less than one-half of the value of the immovable property sold. Nation v. Wil-more, 525 So.2d 1269 (La.App. 3 Cir.), writ denied, 531 So.2d 482 (1988).
Myles asserts in brief that he “believes” Vera introduced evidence of the fair market value of the immovable property at the time of the initial sale although he is relying on hearsay about what transpired during the confirmation of the preliminary default. Since there is no transcript of the confirmation proceedings and the trial judge decided the case in favor of Vera, we can assume that Vera sufficiently proved that the sale was lesionary. There is no testimony in the record relative to whether the sale from Vera to Myles was lesionary. However, the judgment of the trial court recites that due proof was presented on the plaintiffs claim. It is presumed to be correct and rendered on sufficient evidence, absent any evidence which indicates otherwise. Maxwell v. Swain, 524 So.2d 826 (La.App. 3 Cir.1988); West Consolidated Co., Inc. v. Creole Fisheries, 616 So.2d 268 (La.App. 2 Cir.1993).
The problem — before the January 1, 1995, revision to La.Civ.Code art. 2594 — that occurs when the original purchaser sells the property to a third party is created in Louisiana by our Code’s denying the right to a vendor to annul the sale against a third party purchaser, without at the same time providing specifically for the effect of such a second sale insofar as the first vendee is concerned. O’Brien, 223 So.2d 165. The court in O’Brien went on to explain that there is no such restriction against the first purchaser when he still owns the property; yet, the codal provisions did not provide in 1969 and to Vera the right to sue the original vendee to make up the just price if the latter has alienated it. The O’Brien court resolved the problem by holding as follows:
bi[I]n an action based on lesion, when it appears that it is impossible for the original vendee to restore any of the property because it has been sold in its entirety, the vendor is entitled to be reimbursed for the profit the vendee has realized.
Id. at 168.
Myles finds error with the trial court’s award of $62,500.00. He argues that, in her petition, Vera only prayed for damages in the amount of $34,853.62. A final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief. La.Code Civ.P. art. 862. The only remedy to which Vera is entitled is reimbursement for the profit Myles has realized. Therefore, the trial court was not in error when it awarded Vera an amount over and above the prayer in her petition. However, the amount awarded was incorrect. The record shows that Myles paid Vera $1,000.00. He sold the property to the Mou-tons for $62,500.00. Myles’ profit from the sale is $61,500.00. That is the amount to which Vera is entitled.
*218 Vera must initiate appropriate legal proceedings to satisfy that judgment. The promissory note made payable to Myles for $34,853.63 and which was sequestered is an asset presumably subject to seizure and garnishment. See La.Code Civ.P. art. 3503. To declare Vera the owner is premature at this juncture of the litigation. This is a legal issue and the presumption of a judgment’s correctness does not apply.

CONCLUSION

For the above reasons, the judgment of the trial court is reversed insofar as it declares Vera Wilson the owner of the $34,-853.63 promissory note. It is |7amended to reflect a judgment in the amount of $61,-500.00 to Ms. Wilson. Costs of this appeal are assessed against Myles Arvin Wilson.
REVERSED IN PART; AMENDED IN PART AND AFFIRMED AS AMENDED.